**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1607 PSG and CV 07-1658 PSG ᴱᴰ | Date | November 3, 2008 |
|---|---|---|---|
| Title | In re Nationwide Beverage Bottling, Inc. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present                                         Not Present

**Proceedings:     (In Chambers) Order Affirming the Bankruptcy Court's November 20, 2007 Ruling**

Appellant Nationwide Beverage Bottling, Inc. challenges the Bankruptcy Court's November 20, 2007 Order, in which the Bankruptcy Court denied Appellant's Motion for Clarification and awarded Appellees F. Harvey Whittemore and Annette Whittemore an administrative claim of $38,933.09, as well as attorney's fees and costs of $4,250.00.  This Court has jurisdiction to consider this appeal pursuant to 28 U.S.C. § 158.  The Court AFFIRMS the Bankruptcy Court's ruling.

I.      BACKGROUND

In October 2006, Appellees F. Harvey Whittemore and Annette Whittemore ("Appellees") entered into a Sublease with Appellant Nationwide Beverage Bottling, Inc. ("Appellant").  Under the Sublease, Appellant was obligated to pay a "Monthly Base Rent" in the amount of $79,396.29, plus some additional rent.

On January 8, 2007, an involuntary petition was filed against Appellant under Chapter 11 of the Bankruptcy Code.  Shortly thereafter, Appellant and Appellees negotiated an interim settlement agreement.  Under the terms of that agreement, Appellees agreed to forego a motion for relief from automatic stay, but only if Appellant paid half of the amount due of rent in the month of April.

In late April 2007, Appellant and Appellees entered into negotiations to resolve several disputes regarding several matters, including the Sublease.  These negotiations later became

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1607 PSG and CV 07-1658 PSG | Date | November 3, 2008 |
|---|---|---|---|
| Title | In re Nationwide Beverage Bottling, Inc. | | |

memorialized in the "Settlement Agreement and Mutual Release of Claims" ("Settlement Agreement"). The Settlement Agreement contains two relevant payment provisions. The first provision reads as follows:

> **1.    Allowance and Payment of Claims**
> …
>         (c)    Whittemores. The Whittemores shall be allowed a general unsecured claim in the amount of $238,189 for pre-petition rent ("Whittemores Unsecured Claim"). In addition, the Whittemores shall be allowed an administrative claim in the amount of $277,877 for unpaid post-petition rent, plus the amount of any actual and reasonable additional rental claims arising from the Sublease that accrue after May 2007 and are unpaid as of the closing of the Sale ("Whittemores Administrative Claim").
> …

*Excerpts of Record*, 2:32. Thus, under this provision, Appellant owes Appellees $516,076. The second provision provides that Appellant would "continue paying to the Whittemores monthly rent in full ($79,396.29, plus any additional rent that the Debtor is liable for under the Sublease) until such time as the Sublease is assumed and assigned to the Buyer or the successful purchaser." *Id.* at 2:34. In addition to setting forth Appellant's payment obligations, the Settlement Agreement also contains a general release provision as well as other provisions relating to, and explaining the scope of, that release. *See id.* at 2:35-37.

Both parties agree that by the time the Bankruptcy Court approved the Settlement Agreement on June 14, 2007, Appellees held the following claims against Appellant: (1) a claim for pre-bankruptcy rent falling due in October, November and December 2006; (2) administrative claims for full rent due in January, February, March, and May 2007: (3) an administrative claim for 50% of the unpaid April 2007 rent; and, (4) a pro rata rent claim of $38,933.09 for the final twelve days Appellant remained in possession of the property (June 1, 2007 through June 12, 2007). In total, Appellant believes it owes Appellees $555,009 ($516,076 + $38,933.09). However, the record shows that Appellant has paid Appellees $622,376.97. Accordingly, based on its calculations, Appellant argues that it made an overpayment of, and is thus entitled to, $67,367.99. Appellees, however, contend otherwise. According to them, no money is due to Appellant because, on the one hand, the Settlement Agreement creates a new set of obligations between the parties and, on the other hand, all of Appellant's claims have been released by agreement of the parties under ¶¶ 8, 9, 10, and 11 of the Settlement Agreement.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-1607 PSG and CV 07-1658 PSG | Date | November 3, 2008 |
|---|---|---|---|
| Title | In re Nationwide Beverage Bottling, Inc. | | |

Originally, the parties sought to resolve this dispute amongst themselves. However, after these efforts failed, the parties sought assistance from the Bankruptcy Court. To save time, energy, and resources, the parties agreed to have the matter resolved by motion, rather than an adversary hearing. Accordingly, on September 25, 2007, Appellant filed its Motion for Clarification of Order Approving Settlement Agreement. In ruling in favor of Appellees, the Bankruptcy Court explained that all payments "were part of the deal [the Settlement Agreement]." *Excerpts of Record*, 1:15. Accordingly, the Bankruptcy Court rejected Appellant's argument that it should be entitled to a "credit" for all overpayments and instead entered judgment in favor of Appellees, awarding them the sum of $43,183.09, which consisted of the rent owed for June ($38,933.03) as well as the attorney's fees and costs incurred by Appellees in adjudicating this dispute ($4,250).

## II.   STANDARD OF REVIEW

When reviewing a decision of the bankruptcy court, the "district court functions as an appellate court and applies the same standard of review generally applied in federal appellate courts." *Webb v. Reserve Life Ins. Co. (In re Webb),* 954 F.2d 1102, 1103-04 (5th Cir.1992). Accordingly, the district court must accept the bankruptcy court's findings of fact unless clearly erroneous and examine *de novo* the court's conclusions of law. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir.2000).

## III.   DISCUSSION

At its core, this dispute is ultimately about contract interpretation. As the interpretation of language in a contract is a question of law, the Court reviews the Bankruptcy Court's ruling *de novo. See Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007) ("The interpretation of language in a contract is a question of law reviewed *de novo*."); *United States v. 1.377 Acres of Land,* 352 F.3d 1259, 1264 (9th Cir. 2003).

The rules relating to the interpretation of contracts are well-settled. Whenever a contract is reduced to writing, "the intention of the parties is to be ascertained from the writing alone, if possible . . . ." Cal. Civ. Code § 1639. What this means, then, is that "[i]f the meaning a layperson would ascribe to the contract language is not ambiguous, there is no place for interpretation and the court must simply apply that meaning." *Chatton v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 10 Cal. App. 4th 846, 853, 13 Cal. Rptr. 2d 318 (1992); *see also* Cal. Civ. Code § 1644.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-1607 PSG and CV 07-1658 PSG | Date | November 3, 2008 |
|---|---|---|---|
| Title | In re Nationwide Beverage Bottling, Inc. | | |

  Following these general rules of contract interpretation, the Court notes that the plain language of the agreement clearly defines an obligation imposed upon Appellant: it owes Appellees $555,009 ($516,076 in cure plus $38,933.09 in pro rata rent).  Now, it may very well be the case, as Appellant argues that it is, that when Appellant paid Appellees $106,300.26 in May 2007, Appellant meant for that money to be credited to the "unpaid post-petition rent."  However, unfortunately for Appellant, it is the parties' objective intention, and not their subjective intents, that controls.  Cal. Civ. Code §§ 1636, 1638; *Renwick v. Bennett* (*In re Bennett*), 298 F.3d 1059, 1064 (9th Cir. 2002) (citations omitted).  The Settlement Agreement provides that Appellant owes Appellees $555,009; it does not, however, make mention of rent credits.  Objectively speaking, then, it appears that the parties intended for Appellant to pay Appellees $555,009.

  In summary, in accordance with the general rules of contract interpretation, this Court finds that the Settlement Agreement imposes a new obligation on Appellant to pay Appellees $555,009.  The language in the provision of the Settlement Agreement that imposes this obligation is clear and unambiguous, leaving no room for interpretation.  *Chatton*, 10 Cal. App. 4th at 853.

### IV. CONCLUSION

  The Bankruptcy Court was correct in its interpretation of the Settlement Agreement and its ruling is therefore AFFIRMED.  Additionally, in accordance with the attorney's fees clause in the Settlement Agreement, the Court REMANDS this matter to the Bankruptcy Court for a determination of attorney's fees.

  **IT IS SO ORDERED.**

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | |
|---|---|---|---|
| ☐ | ADR | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | Beck, Michael J (Clerk, MDL Panel) | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | BOP (Bureau of Prisons) | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | ☐ | US Bankruptcy Court |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Catterson, Cathy (9th Circuit Court of Appeal) | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Chief Deputy Admin | ☐ | US Probation Office (USPO) |
| ☐ | Chief Deputy Ops | ☐ | US Trustee's Office |
| ☐ | Clerk of Court | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Death Penalty H/C (Law Clerks) | | |
| ☐ | Dep In Chg E Div | | |
| ☐ | Dep In Chg So Div | | |
| ☐ | Federal Public Defender | | |
| ☐ | Fiscal Section | | |
| ☐ | Intake Section, Criminal LA | | |
| ☐ | Intake Section, Criminal SA | | |
| ☐ | Intake Supervisor, Civil | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | |
| ☐ | PSA - Los Angeles (PSALA) | | |
| ☐ | PSA - Riverside (PSAED) | | |
| ☐ | PSA - Santa Ana (PSASA) | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | |
| ☐ | Statistics Clerk | | |

☐ *ADD NEW NOTICE PARTY*
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

**Initials of Deputy Clerk** _____

G-75   (07/08)                                          **NOTICE PARTY SERVICE LIST**